IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

v.

MARZELLE TURNER,

Defendant.

Criminal No. 08-0323

**ELECTRONICALLY FILED**

**ORDER OF COURT**

After careful consideration of the government's Motion for Revocation of Release Order and Order Staying Magistrate's Release Orders (doc. no. 14), defendant Marzelle Turner's response thereto (doc. no. 20), the transcripts of the detention proceedings of September 2, 2008 (doc. no. 19), and *de novo* review of the findings and reasons set forth on the record by the Honorable United States Magistrate Judge Amy Reynolds Hay, the Court will deny the government's motion and will adopt and affirm the decision of the Magistrate Judge.

The standards of review of a magistrate judge's decision regarding bail pending trial were recently summarized by a colleague on the United States District Court for the Western District of Pennsylvania, as follows:

> This court exercises *de novo* review over the detention order entered by the magistrate judge. See *United States v. Delker*, 757 F.2d 1390, 1393-95 (3d Cir. 1985). The magistrate judge's decision and reasoning is to be given careful consideration where a transcript of the detention hearing is available, *id.*, even though the standard of review removes any obligation to accord deference to the magistrate judge's findings and decision. See *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990). This court may make its independent determination based solely upon the evidence introduced at the prior hearing. *Delker*, 757 F.2d at 1395; *Koenig*, 912 F.2d at 1193 ("Clearly, the district court is not required to start over in every case, and proceed as if the magistrate's decision and findings did not exist."); *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991) (district court may base its findings on transcript of the hearings before the magistrate judge). Of course, it may also consider any additional evidence or proffers submitted in conjunction with any supplemental proceedings.

*United States v. Farris*, 2008 WL 1944131, *7 (W.D.Pa. 2008) (Cercone, J.).

*De novo* review does not require a *de novo* evidentiary hearing. *United States v. Price*, 2008 WL 282347, *2 (W.D.Pa. 2008), citing *United States v. Chagra*, 850 F.Supp. 354, 357 (W.D.Pa. 1994) (court may incorporate the records of the proceedings and the exhibits before the magistrate judge).

Where the record reflects probable cause to believe the defendant has committed a crime of violence or an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 et seq., the Bail Reform Act creates a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person in the community. 18 U.S.C. § 3142(e); *United States v. Perry*, 788 F.2d 100, 106 (3d Cir. 1986). A defendant may rebut the presumption by presenting "some credible evidence" that he will not pose a threat to the community upon his release. *United States v. Carbone*, 793 F.2d 559, 560 (3d Cir. 1986) (to rebut the presumption "[t]he defendant must produce some credible evidence forming a basis for his contention that he will appear and will not pose a threat to the community"), citing *United States v. Jessup*, 757 F.2d 378 (1st Cir.1985); *United States v. Giampa*, 755 F.Supp. 665, 668 (W.D.Pa. 1990).

The transcript of the proceedings of September 2, 2008 shows that, following a full hearing on the government's motion for detention, the government withdrew its allegation that defendant was a risk of flight, but pressed the dangerousness argument. Magistrate Judge Hay heard the evidence, observed the witnesses, and determined that the defendant rebutted the presumption of dangerousness raised by the charge in the indictment and, further, determined

that there were conditions available to release the defendant on bail subject to house arrest, work release and active GPS electronic monitoring which would satisfy the requirements of the Bail Reform Act.

This Court's *de novo* review satisfies it that the decision of the United States Magistrate Judge was thoughtful, considered and correct. Accordingly,

**AND NOW**, this **5th day of September, 2008**, the government's Motion for Revocation of Release Order and Order Staying Magistrate's Release Orders (doc. no. 14) is **DENIED**.

s/ Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc:     All Registered ECF Counsel and Parties